IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                                         PLAINTIFF

V.                                              No.  16-5249

JOHN FELTS, CAROL V. BEHANNAN,
BLAINE MILLER, SHARON DRAPER, and
MARK BURNATHL                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the Motion for Leave to Proceed IFP (Doc. 5) filed September 27, 2016 and Complaint (Doc. 1) filed September 14, 2016.

**I.  Background**

According to the Benton County Sheriff's Office web site the Plaintiff was placed in the Benton County Detention Center on July 6, 2016 on the charges of Misdemeanor Domestic Battery in the Third Degree, Tampering, Terroristic Threatening in the Second Degree, Third Degree Assault on a Family or Household Member, Violation of Protection Order, and Felony Parole Violation. [1]

According to the Plaintiff's complaint a parole revocation hearing was conducted on August 17, 2016 presided over by Carol V. Behannan. (Doc. 1, p. 8).  His parole was evidently revoked because the Plaintiff is a current inmate of the Arkansas Department of Correction but

---

[1] https://services.bentoncountyar.gov/dcn/inmate

-1-

housed at Benton County.[2]

The Plaintiff is suing the Head of the Arkansas Parole Board (John Felts), the hearing officer (Carol V. Behannan), Parole Officers (Blaine Miller and Mark Burnathl), as well as his attorney (Sharon Draper). His contention seems to be that he was denied due process because he was not allowed to attend his parole hearing or call certain witnesses. There appears to be a factual dispute concerning whether the Plaintiff refused to come out of his cell to attend the hearing. (Doc. 1, p. 8). The Plaintiff is seeking Compensatory and Punitive Damages for the alleged violations. (Id., p. 17).

## II. Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP). Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In *Heck v. Humphrey* the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not

---

[2]http://adc.arkansas.gov/inmate

cognizable under a§ 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.*"* *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994)

The Heck rule was applied by the 8th Circuit in 2007 which held that "Applying Heck, we agree with the district court that the favorable-termination rule bars Entzi's suit. If Entzi's challenge to the State's decision on sentence-reduction credits were to succeed, it "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487, 114 S.Ct. 2364. Therefore, the claim may be pursued only in an action for habeas corpus relief." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). It is noteworthy that the Entzi case involved a parole violation on allegations of false testimony and is squarely on point with the Plaintiff's contentions.

The Plaintiff's assertions contest the validity of his revocation and his contention is that he was illegally revoked. To revoke probation or a suspended sentence, the burden is on the State to prove a violation of a condition by a preponderance of the evidence, and on appellate review the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Id.

*Thompson v. State*, 342 Ark. 365, 368-69, 28 S.W.3d 290, 292 (2000).

The Plaintiff's allegation that he was not allowed to call witnesses or to attend the hearing would be property considered in a habeas action in order to attack the validity of the conviction. Since the Plaintiff has failed to allege or show that his revocation has been invalidated his claim under section 1983 cannot proceed.

### III. Conclusion

Accordingly, I recommend that the Motion to Proceed IFP (Doc. 5) be **DENIED** and complaint be **DISMISSED** as the claims asserted are frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(I-ii). Dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). For this reason, the Clerk should be directed to put a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this September 30, 2016

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE